**Robert Nathanial MITCHUM, Jr., Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–6559.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

### ORDER

This is a direct appeal from a district court judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury found Robert Nathaniel Mitchum guilty of conspiracy to defraud the United States and check forgery. A panel of this court affirmed Mitchum's conviction and sixty-three month sentence on direct appeal. *United States v. Mitchum,* No. 98–6344, 2000 WL 222578 (6th Cir. Feb.16, 2000). Mitchum filed a motion to vacate sentence in 2001 in which he challenged his conviction with four claims of ineffective assistance of trial counsel. The district court denied the relief sought and issued a certificate of appealability as to three of the four specific claims.

This court reviews de novo review a district court's denial of a section 2255 motion, while examining the district court's factual findings for clear error. *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994). " 'Clear error' occurs only when we are left with the definite and firm convic-

tion that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Kellams,* 26 F.3d 646, 648 (6th Cir.1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). An examination of the record and law using this standard shows that the district court's decision must be affirmed.

Mitchum was convicted of being the leader of a conspiracy to manufacture and convert counterfeit negotiable instruments. The evidence against Mitchum included his full confession, incriminating items seized pursuant to warrant and admitted only after Mitchum's unsuccessful suppression motion, and in-court testimony against Mitchum by at least one of his co-conspirators. Mitchum's direct appeal from his conviction included challenges to the sufficiency of the affidavit underlying the search warrant as well as the scope of the warrant. The panel found that the search warrant was both valid and narrowly tailored to its purpose.

Mitchum's § 2255 motion presented four separately denominated claims of ineffective assistance of trial counsel. Mitchum first contends that his attorney was ineffective in failing to challenge the warrant "in its entirety" instead of challenging the propriety of specific portions of the warrant and supporting documentation. Mitchum's second and third claims go to the alleged ineffective performance of his trial counsel in neglecting to call witnesses suggested by Mitchum and by failing to "effectively" conduct cross-examination of a law enforcement agent. Finally, Mitchum issues a blanket assertion that his trial counsel should not have gone forward with

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

the suppression because he was unprepared. Each of these grounds for relief is supported by Mitchum's hair-splitting view of minor discrepancies or conclusory descriptions of witnesses as "key" and counsel's performance as wholly inadequate. The district court denied the motion, finding that Mitchum utterly failed to support any of his claims with facts or law that would call counsel's performance into question or to demonstrate any prejudice that befell Mitchum owing to this "ineffective" representation. The district court certified the first three issues for appellate review. On appeal, Mitchum does not address the merits of the certified claims. He argues instead that the court failed to address certain uncertified claims for relief.

A claim of constitutionally ineffective assistance of counsel comprises two elements: 1) the attorney's performance was deficient, that is, it fell below an objective standard of reasonableness; and 2) the attorney's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Courts employ a "highly deferential" review of counsel's performance in this regard. *Id.* at 689, 104 S.Ct. 2052. Facially defensible strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable in this context. *Id.* at 690–91, 104 S.Ct. 2052. In order to satisfy the prejudice requirement, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

A review of the case at bar shows that Mitchum's entire § 2255 action is a series of unsupported challenges to otherwise defensible strategic choices with no attendant showing that any of these "unprofessional" decisions worked any prejudice to Mitchum. Mitchum challenges his attorney's handling of the suppression motion and hearing, yet a brief review of the record and opinion on appeal shows the challenges to be facially defensible. In addition, the prejudice in this context is Mitchum's breezy assertion that a properly conducted suppression motion and hearing would have enabled him to "prevail easily." Mitchum criticizes his attorney's failure to call unindicted co-conspirator Charlesetta Gatewood as a witness, yet the record is clear that his attorney *did* present testimony from Gatewood. The allegedly ineffective cross-examination of law enforcement officer Huffman rests on Mitchum's core, unsustainable premise, namely, that everyone involved in procuring the search warrant was lying under oath. The district court did not err in denying Mitchum's § 2255 motion in the complete absence of any supporting law or facts.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.