# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2012

No. 11-20095
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TYRONE MAPLETOFT WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-221-11

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In May 2003, Tyrone Mapletoft Williams, a commercial truck driver, transported 74 unlawful aliens from Harlingen, Texas, to Victoria, Texas. During the trip, he left the aliens locked in the trailer of his tractor-trailer without activating the trailer's refrigeration unit; as a result, 19 aliens died of dehydration, hyperthermia, suffocation, and mechanical asphyxia.

Williams was convicted by a jury of 39 separate counts arising out of that trip. The district court imposed the jury's life sentences on counts 40 to 58 of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

superseding indictment.  The court further imposed a 405-month sentence on count 1 and 240-month sentences on counts 21 to 39, all to run concurrently with each other and the life sentence.

This court affirmed the convictions, the 405-month sentence on count 1, and the 240-month sentences on counts 21 to 39. *United States v. Williams*, 610 F.3d 271, 294 (5th Cir. 2010).  This court vacated the life sentences imposed by the jury on counts 40 to 58 and remanded the case for resentencing by the district court on those counts.  *Id.*  On remand, the district court imposed 405-month sentences on counts 40 to 58.  Williams appeals those sentences.

Williams argues that the district court abused its discretion when it denied attorney Craig Washington's motion to withdraw as counsel on appeal.  He contends that the district court's decision violated his rights under the Sixth Amendment and Washington's rights under the Fifth and Thirteenth Amendments. During Williams's prior appeal, we granted Washington's motion to withdraw and appointed another attorney in his place.  After we remanded the case to the district court for resentencing, Washington reentered the case as retained counsel.  After the resentencing, Washington moved to withdraw as counsel on appeal.  The district court denied Washington's motion because neither Williams nor Washington ever indicated that Washington's representation of Williams excluded any appeal from Williams's resentencing and because the appointment of yet another attorney would have interfered with "the prompt and efficient administration of justice." *See McQueen* v. *Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) (internal quotation marks and citation omitted).  Williams has not shown that the district court abused its discretion when it denied Washington's motion to withdraw as counsel on appeal. *See United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996).

Williams next argues that the district judge abused her discretion when she denied his motion for recusal under 28 U.S.C. § 455(a).  On appeal, Williams complains only that the judge's rulings on Washington's motion to reenter the

case as retained counsel, Washington's motion for judicial notice, and Washington's motion to withdraw as well as the judge's imposition of 405-month sentences established her bias. The judge concluded that the affidavits submitted by Williams in support of his recusal motion were legally insufficient because they contained only hearsay and because they failed to establish bias against Williams. *See Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Furthermore, § 455(a) requires a showing of personal, rather than judicial, bias; thus, Williams's arguments regarding the judge's rulings are not sufficient to satisfy § 455(a). *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Accordingly, Williams has not shown that the district court abused its discretion in denying his motion for recusal. *See United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).

Williams next argues that the district court abused its discretion when it denied his motion to take judicial notice of adjudicative facts pursuant to Rule 201 of the Federal Rules of Evidence. Specifically, he contends that the district court should have taken notice of his codefendants' sentencing information to avoid unwarranted sentence disparities. The record reflects that the district court, on its own motion, took judicial notice of the very documents cited by Williams in his motion. *See* FED. R. EVID. 201(c) (indicating that the district court may take judicial notice on its own motion). Thus, because Williams's motion was unnecessary, the district court did not abuse its discretion in denying it. *See Funk v. Stryker Corp.*; 631 F.3d 777, 783 (5th Cir. 2011).

Finally, Williams alleges a number of errors in connection with his 405-month sentences, which were the result of a 10-level upward departure imposed by the court pursuant to 18 U.S.C. § 3553(a), U.S.S.G. § 5K2.1, and U.S.S.G. § 5K2.8. Following *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences, whether inside or outside the guidelines range, for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). Under *Gall*, this court first examines

whether the district court committed any procedural errors. *Id.* In making that determination, this court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If there is no procedural error, this court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

Williams asserts that the upward departure should have been limited to five levels. He does not explain how or why the upward departure should have been limited to five levels. He also fails to cite any portion of the record. *See* FED. R. APP. P. 28(a)(9)(A). Accordingly, Williams has abandoned the foregoing argument by failing to adequately brief it. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

Williams argues that the district court erred in departing upward because the jury found in his favor with respect to certain mitigating factors. Williams's argument concerns jury interrogatories regarding count 1 of the superseding indictment and that have no bearing on his sentences on counts 40 to 58.

Williams also argues that counts 40 to 58 should have been grouped for sentencing purposes pursuant to U.S.S.G. § 3D1.2(c). Because counts 40 to 58 each involved a different victim, namely the 19 aliens who died as a result of Williams's actions, the district court did not err in refusing to group counts 40 to 58 under § 3D1.2. *See United States v. Clark*, 178 F.3d 290, 292-95 (5th Cir. 1999).

Williams also argues that the district court committed procedural error when it failed to consider the unwarranted disparity between his sentence and the sentences of certain of his codefendants. *See Gall*, 552 U.S. at 51; § 3553(a)(6). Williams's argument is directly contradicted by the resentencing transcript, which reflects that the district court considered Williams's disparity arguments and consulted various documents regarding the sentences imposed

on Williams's codefendants.  In light of the foregoing, Williams has not shown that the district court committed procedural error by failing to consider the issue of unwarranted sentence disparities.  *See Gall*, 552 U.S. at 51.

Finally, Williams argues that because the district court failed to consider the disparity issue, his sentence was substantively unreasonable.  The record reflects that the district court imposed the 10-level upward departure pursuant to § 5K2.1 and § 5K2.8 because the number of deaths, the number of people exposed to the risk of death, and the nature of Williams's conduct took the case out of the heartland.  Furthermore, because Williams was the only coconspirator who could have opened the trailer or turned on the refrigeration unit, Williams was directly responsible for the deaths of the 19 aliens.  Accordingly, the district court's reasons for the departure advance the objectives set forth in § 3553(a), are authorized by § 3553(b), and are justified by the facts of the case.  *See United States v. Saldana*, 427 F.3d 298, 310 (5th Cir. 2005).  Thus, the district court did not abuse its discretion in deciding to impose an upward departure.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).  For the same reasons, the district court did not abuse its discretion with respect to the degree of departure.  *See id.*  "There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable." *United States v. Delgado-Nunez*, 295 F.3d 494, 497 (5th Cir.2002) (internal citation omitted).

Accordingly, because each of Williams's assignments of error is without merit, the district court's imposition of 405-months sentences on counts 40 to 58 of the superseding indictment is AFFIRMED.