# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30198

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STOKLEY AUSTIN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Louisiana

Before STEWART, Chief Judge, REAVLEY, and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant-Appellant appeals the district court's denial of his request for court appointed counsel under the Criminal Justice Act (CJA) – 18 U.S.C. § 3006A(c). He also appeals the district court's denial of a motion to withdraw by his retained attorney. [1] Because the district court was not required to make a financial inquiry under the CJA and the court did not abuse its discretion in finding good cause did not exist for appointment of new counsel, we AFFIRM.

---

[1] Austin also argued that his increased mandatory minimum sentence based on an uncharged prior conviction violated his constitutional rights. This argument, as he acknowledges, is foreclosed by our precedent. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).

No. 15-30198

I.

Stokley Austin retained Alden Netterville as his attorney after a grand jury indicted him on numerous gun and drug charges.[2] Netterville represented Austin throughout the pretrial stage of the proceedings. Eventually, after three attempts at a plea, Austin pled guilty to all charges without a plea agreement on September 22, 2014.[3]

On December 19, 2014, Austin wrote to the district court expressing his "concern and discontent concerning my representation." Austin said that Netterville "failed to file any pre-trial motions on my behalf in preparation for my defense." Also, Austin "never received any discovery regarding the 18 U.S.C. 924(c) count in the indictment[,]" and the information Austin "received relating to the conspiracy count was extremely limited." Finally, Austin explained that he was "asking the court to appoint new counsel as [he] has exhausted all of [his] resources."

This letter prompted Netterville to file a motion to withdraw stating: "allegations contained in [Austin's] letter. . .make further representation by [him] untenable." The district court issued an order that denied Netterville's motion to withdraw explaining "discontent with counsel does not warrant withdrawal." The order did not address Austin's request for appointed counsel.

---

[2] The grand jury indicted Austin on charges of: conspiracy to possess with the intent to distribute crack cocaine and cocaine hydrochloride – violating 21 U.S.C. § 846; possession of cocaine hydrochloride with the intent to distribute – violating 21 U.S.C. § 841(a); possession of a firearm in furtherance of a drug-trafficking offense – violating 18 U.S.C. § 924(c); and, being a felon in possession of a firearm – violating 18 U.S.C. § 922(g).

[3] According to Netterville, his final attempt differed because it was not part of a plea agreement and occurred after the government enhanced his sentencing guidelines range by filing a bill of information that identified his prior conviction.

## No. 15-30198

The district court then proceeded to hold a sentencing hearing.[4] At the hearing, the court again addressed Netterville's earlier motion to withdraw. The court stated that it denied the motion "[b]ecause I did not see a basis for what I would assume [was] any attempt by [Austin] to either withdraw his guilty plea or to try to change anything regarding that plea." Furthermore, the court said: "I already got your letter. Your letter has no basis to have him withdraw. I've already made that decision. If I understand your objections, they're rather general." The court then sentenced Austin within the guidelines and pursuant to statutory minimums to a total of 300 months, followed by a ten-year term of supervised release.

After imposing its sentence, the district court granted a second motion to withdraw made by Netterville. It then told Austin that he had a right to appeal, and also had a right to appointed counsel on appeal. Austin timely filed a notice of appeal, did not file a motion seeking appointment of counsel, and did not file a motion to proceed in forma pauperis. Instead, he paid the appellate filing fee in full and retained counsel.

## II.

Austin argues that the district court erred in failing to inquire into his financial eligibility for appointed counsel under the CJA, and the court erred in denying counsel's motion to withdraw because good cause existed. We review the denial of a request for appointed counsel and a motion to withdraw for abuse of discretion.[5]

---

[4] At the initial hearing, the court granted a continuance at Netterville's request. Netterville explained that he had not reviewed the presentence investigation report with Austin, because Austin and his wife informed him that they would acquire new counsel.

[5] *Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) ("The denial of counsel is reviewed for abuse of discretion."); *United States v. Williams*, 463 F. App'x 282, 284 (5th Cir. 2012) (citing *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996)).

No. 15-30198

III.

Austin argues that he was entitled to court appointed counsel under the CJA. The CJA is intended to provide representation for defendants who cannot afford to retain counsel.[6] In particular, 18 U.S.C. § 3006A(c) states: "if at any stage of the proceedings…the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel…as the interests of justice may dictate."

Austin asserts that he made a clear request for appointed counsel through his letter to the district court. To invoke the CJA, a defendant must notify the district court of his desire for court appointed counsel.[7] Moreover, in his request for appointed counsel, a defendant must specify a "financial inability to obtain counsel."[8] For example, in *United States v. Mason*, 480 F. App'x 329 (5th Cir. 2012), this court held that the defendant made a proper request for appointed counsel. In a letter to the district court, the defendant explained that his retained attorney "did not want to spend too much time with him because of his inability to pay."[9]

Conversely, here, Austin had already retained counsel and therefore could not allege that he lacked the funds to obtain a lawyer. Austin does not state in his letter that he either owed money to Netterville or that he could not pay Netterville any sum that was owed. Accordingly, Austin did not show that he was qualified for counsel pursuant to the CJA.

---

[6] *Self v. United States*, 574 F.2d 363, 366 (6th Cir. 1978); *see also Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) ("[T]he purpose of § 3006A is to provide for appointed counsel whenever required by the constitution.").

[7] *United States v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989).

[8] *Id.*

[9] 480 F. App'x at 332 (internal brackets omitted); *accord United States v. Moore*, 671 F.2d 139, 141 (5th Cir. 1982) (noting that the evidence provided by the government and defendant "laid most of the foundation to establish sufficient evidence for a finding that the accused could not afford to hire counsel.").

No. 15-30198

Austin also argues that the district court erred in refusing to allow him to substitute counsel. However, a defendant does not have an absolute right to the counsel of his choice.[10] Instead, good cause must exist for the withdrawal of counsel.[11]

Austin made no showing that the district court abused its discretion by denying Netterville's motion to withdraw. Austin did not show why the facts justified counsel filing a pre-trial motion or any specific information that he expected counsel to provide him for review. Moreover, Austin does not articulate any conflict of interest which Netterville might have possessed. The district court was in the best position to evaluate counsel's performance and rejected Austin's argument. Thus, there is no basis for us to determine that the district court abused its discretion in denying Austin's motion to replace his counsel.

IV.

For these reasons, the judgment of the district court is AFFIRMED.

---

[10] *United States v. Paternostro*, 966 F.2d 907, 912 (5th Cir. 1992).

[11] *See Wild*, 92 F.3d at 307 ("When filing a motion to withdraw, an attorney should provide a detailed explanation of the reasons why he believes that 'good cause' exists for him to withdraw as counsel."); *in re* Wynn, 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client.").