**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0656n.06

**Case No. 16-1839**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BERNICE BROWN, | ) | **FILED** |
| | ) | Nov 28, 2017 |
| *Plaintiff-Appellant*, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| *Defendant-Appellee*. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE:     COLE, Chief Judge; McKEAGUE and STRANCH, Circuit Judges.

COLE, Chief Judge. Bernice Brown is a federal prisoner serving a 151-month sentence for her role in a multi-million dollar healthcare fraud. During the course of her district court proceedings, Brown cycled through five attorneys: two that the court appointed under the Criminal Justice Act ("CJA") and three that Brown privately retained. After Brown's last-retained counsel filed a notice of appeal, Brown wrote a letter to this court stating "I will be filing my Appeal Pro Bono [sic], until I am able to select another attorney or be granted a Court Appointed Attorney for my case. . . . I will keep the court updated as to when I retain new counsel and/or obtain an appointed legal representative." (No. 10-2668, R. 37.) Brown then proceeded pro se in her appeal, which was denied.

Brown now appeals the denial of her motion to vacate her sentence under 28 U.S.C. § 2255 on the grounds that she was denied her constitutional right to appointed counsel on appeal. The district court concluded that Brown was not denied that right because she was not indigent: she retained private counsel to represent her and her letter indicated she could retain other counsel. We AFFIRM.

## I. BACKGROUND

Brown was the owner and president of Wayne County Therapeutic, Inc., a clinic that provided outpatient therapy services and submitted over twenty-four million dollars in fraudulent billings to Medicare.

On June 24, 2009, an indictment was unsealed charging Brown and codefendant Daniel Smorynski with conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349 and six counts of healthcare fraud and aiding and abetting in violation of 18 U.S.C. § 1347 and 18 U.S.C. § 2. Brown's first retained counsel, G. Whitney McRipley, entered an appearance the same day. He represented Brown for her arraignment but was terminated within a month. A superseding indictment was filed, which added three counts of healthcare fraud and aiding and abetting.

On March 26, 2010, the district court appointed Brown counsel under the CJA. The order stated that "Brown qualifies for the appointment of counsel under the [CJA]" until "the appointment is terminated by (1) Order of the Court, (2) appointment of substitute counsel, or (3) appearance of retained counsel." (R. 71, PageID 216.) A month later, Brown moved to terminate that counsel as well.

The district court appointed Fred Walker as substitute CJA counsel in May 2010. Walker represented Brown throughout her trial, which ended in a jury verdict of guilty on all counts.

Like the others, Walker's representation did not last long; a few weeks later, Brown moved to terminate his services for ineffective assistance of counsel. (R. 113, PageID 835.) The district court's order stated that Brown "has been informed of her responsibility to either obtain counsel for further proceedings or represent herself." (R. 154, PageID 1650.)

Brown thereupon retained Lloyd Johnson, who filed his appearance on August 25, 2010. Unfortunately, Johnson passed away about a month later. When Brown indicated she was making arrangements for new counsel, the district court noted that "[t]he alternative is to have another attorney assigned, which would be like your third or fourth." (R. 230, PageID 3582.)

Brown then retained Dionne Webster-Cox, who entered her appearance on October 28, 2010, and represented Brown at sentencing. The district court sentenced Brown to 151 months of imprisonment, three years of supervised release, $6,721,272.30 restitution, and $1,000 in special assessments. Webster-Cox filed Brown's notice of appeal and paid for her transcripts and filing fees. But on March 24, 2011, Webster-Cox moved to withdraw because "[her] services were terminated." (No. 10-2668, R. 30.)

In its order granting Webster-Cox's withdrawal, the clerk's office requested a status report from Brown and Smorynski "advising if they intend to retain new counsel or represent themselves on appeal." (No. 10-2668, R. 32.) In a letter dated April 9, 2011, Brown responded:

> I wish to notify the Court that I will be filing my Appeal Pro bono [sic], until I am able to select another attorney or be granted a Court Appointed Attorney for my case. This letter to your office being submitted as my written status report with the court, as required by May 4th, 2011. Please note the above-referenced information and I will keep the court updated as to when I retain new counsel and/or obtain an appointed legal representative.

(No. 10-2668, R. 37.) Brown did not update the court and filed her appellant's brief pro se. This court affirmed her conviction and sentence on November 5, 2012.

Brown filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255 raising several claims, including that Brown was denied her constitutional right to appointed counsel on appeal. The district court rejected all of her claims. The court found that Brown did not have a right to appointed counsel on appeal because she was not indigent, but granted a certificate of appealability on that issue.

Brown was appointed counsel for this appeal.

## II. ANALYSIS

Brown's motion for habeas corpus relief under § 2255 must allege: (1) an error of constitutional magnitude, (2) a sentence imposed outside the statutory limits, or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Nichols v. United States*, 563 F.3d 240, 250 (6th Cir. 2009) (citation omitted). Brown alleges a constitutional error: that she was denied her right to appointed counsel on direct appeal. *See Douglas v. California*, 372 U.S. 353 (1963); *Halbert v. Michigan*, 545 U.S. 605 (2005). The denial of this right is a structural error that does not require a showing of prejudice to obtain relief. *See United States v. Detloff*, 794 F.3d 588, 594 (6th Cir. 2015). But "absent a constitutional right, [Brown] has no claim." *Nichols*, 563 F.3d at 250. The parties agree that Brown's constitutional right to appointed counsel depends on whether she was indigent.

In habeas proceedings, we review a district court's legal conclusions de novo and its factual findings for clear error. *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013). The district court's determination of non-indigence is a factual finding reviewed for clear error. "'Clear error' occurs only when we are left with the definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice

between them cannot be clearly erroneous." *United States v. Kellams*, 26 F.3d 646, 648 (6th Cir. 1994) (citation omitted).

The district court determined that Brown was not indigent because she retained counsel. Brown appeared with privately retained counsel three times throughout the proceedings. McRipley represented Brown in her arraignment, Johnson represented her briefly after trial, and Webster-Cox represented her during sentencing and the start of her appeal. Brown did not claim she was unable to pay them.[1] Even after Johnson unexpectedly passed away, and the district court reminded Brown that "the alternative is to have another attorney assigned," Brown retained Webster-Cox. (R. 230, PageID 3582.) Brown's subsequent letter to this court suggested she could afford private counsel—as she concluded, "I will keep the court updated as to when I retain new counsel and/or obtain an appointed legal representative." (No. 10-2668, R. 37.)

We have previously found that the appearance of privately retained counsel raises a "serious question" as to whether a defendant is indigent. *United States v. Iles*, 906 F.2d 1122, 1134 (6th Cir. 1990). "When there is representation by privately retained, non-appointed counsel . . . the defendant himself achieves the precise objective set forth in the cases proclaiming that an indigent is entitled to have the state furnish that which he cannot afford: counsel to represent him." *United States ex rel. O'Brien v. Maroney*, 423 F.2d 865, 869 (3d Cir. 1970); *see United States v. Aloi*, 9 F.3d 438, 443–44 (6th Cir. 1993).

---

[1] Brown states, for the first time on appeal and without substantiation, that she made "financial arrangements" with both Johnson and Webster-Cox based on the expected proceeds of a civil suit they would file on her behalf. Appellant's Mot. for Appointment of Counsel at 1. Even if we accepted this waived argument, "funds [that] will not become available for payment until some future date" are evidence of financial ability to afford counsel. *See United States v. Wilson*, 597 F.3d 353, 360 (6th Cir. 2010). Indeed, two different attorneys apparently found the arrangement sufficient to represent Brown.

Other courts have applied the same reasoning. In *United States v. Austin*, the Fifth Circuit considered whether a criminal defendant previously represented by retained counsel was entitled to appointed counsel under the CJA. 812 F.3d 453 (5th Cir. 2016). In a much less ambiguous letter than Brown's, the defendant wrote to the court expressing his concerns about his representation and "asking the court to appoint new counsel as [he] has exhausted all of [his] resources." *Id.* at 455. The court explained that a request for appointed counsel must specify financial inability to obtain counsel. *Id.* at 456. Like Brown, the defendant "had already retained counsel and therefore could not allege that he lacked the funds to obtain a lawyer. [He] does not state in his letter that he either owed money to [his counsel] or that he could not pay [him] any sum that was owed." *Id.* The court accordingly concluded that he did not show he was eligible for appointed counsel. *Id.*

Brown's strongest argument in support of her indigence is that she was previously appointed CJA counsel. The CJA authorizes district courts to appoint counsel "for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). But the standard of financial inability is "something less than indigency or destitution." *United States v. Harris*, 707 F.2d 653, 660 (2d Cir. 1983). The record here does not clarify the basis for the district court's finding of financial eligibility for appointed counsel, as might otherwise provide support for a finding of indigence. For example, Brown did not submit the CJA form financial affidavit typically used to prove financial inability to pay. *See United States v. Murphy*, 469 F.3d 1130, 1135 (7th Cir. 2006). Nor did the district court make factual findings in the record as part of its "appropriate inquiry that the person is financially unable to obtain counsel." 18 U.S.C. § 3006A(b); *see United States v. Parker*, 439 F.3d 81, 94–95 (2d Cir. 2006).

Even assuming financial eligibility under the CJA is equivalent to indigence, the district court was not bound to that finding. "What the [CJA] gives with one hand to a criminal defendant 'financially unable' to pay for legal services it takes away with the other if the defendant turns out to be 'financially able' to obtain counsel." *Wilson*, 597 F.3d at 357. A defendant's financial circumstances may change or conflict with earlier reports about her ability to pay. *See id.* at 355, 357. The CJA authorizes the court to terminate appointed counsel or order repayment "at any time after the appointment of counsel" in such a situation. 18 U.S.C. § 3006A(c). Indeed, the district court's order appointing counsel here expressly provided for such a change in circumstances in terminating upon "appearance of retained counsel." (R. 71, PageID 216.)

Based on this record, the district court did not clearly err in finding that Brown was not indigent. Even "[i]f there are two permissible views of the evidence"—that Brown was not indigent because she covered the costs of her counsel, or that she was indigent because the court agreed to cover these costs at other stages—"the factfinder's choice between them cannot be clearly erroneous." *See Kellams*, 26 F.3d at 648 (citation omitted). We accordingly defer to the district court's factual finding that Brown was not indigent and thus did not have a right to appointed counsel on direct appeal.

## III. CONCLUSION

For these reasons, we affirm the district court's order denying Brown's § 2255 motion.