# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2018

Lyle W. Cayce
Clerk

No. 15-60210
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSVALDO TORRES-SOSA, also known as Roberto Magallon-Salgado,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:13-CR-23-3

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Osvaldo Torres-Sosa pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute 500 grams or more of methamphetamine. He argues that the district court violated Federal Rule of Criminal Procedure 11(b)(1)(D) and deprived him of due process by failing to advise him at rearraignment that he had the right to appointed counsel if he could not afford an attorney to replace his retained counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60210

Because Torres-Sosa did not object to any error under Rule 11, plain error review applies to the issue of whether the district court violated Rule 11(b)(1)(D). *See United States v. Vonn*, 535 U.S. 55, 59-62 (2002). A Rule 11 violation is harmless error unless it affects a defendant's substantial rights. *Id.* at 58; Fed. R. Crim. P. 11(h). To obtain a reversal of his conviction based on plain error under Rule 11(b)(1)(D), Torres-Sosa "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Any error under Rule 11(b)(1)(D) did not affect Torres-Sosa's substantial rights. He was advised of his right to appointed counsel during his initial appearance, received appointed counsel before obtaining retained counsel, advised the court at rearraignment, before pleading guilty, that he wished to proceed with his retained counsel and had no complaints about counsel's representation, and thereafter waived his trial rights, admitted his guilt, and stated that he was voluntarily pleading guilty and accepting the plea agreement. *See Dominguez Benitez*, 542 U.S. at 83.

Given those circumstances, as well as the absence of any assertion by Torres-Sosa that he was unable to pay his current retained counsel, there also was no denial of any right of Torres-Sosa to counsel of his choice, no abuse of discretion in the denial of retained counsel's motion to withdraw, and no abuse of discretion under the Criminal Justice Act, 18 U.S.C. § 3006A(c). *See United States v. Austin*, 812 F.3d 453, 455-56 (5th Cir. 2016).

AFFIRMED.