# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2022

Lyle W. Cayce
Clerk

No. 20-60529
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA COWARDS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-230-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Joshua Cowards appeals his jury trial conviction for Hobbs Act Robbery and use of a firearm during a crime of violence, for which he received a total 180-month sentence. He argues that the district court (1) erred in denying counsel's motion to withdraw and his request to accept the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60529

Government's plea offer, thereby violating his Sixth Amendment right to effective assistance of counsel; (2) violated Rule 404(b) of the Federal Rules of Evidence when it allowed the Government to introduce jail recordings containing evidence of prior bad acts without adequate notice; (3) erred when it allowed a video showing the events that occurred on the night of the robbery into evidence without proper authentication; (4) improperly allowed the Government to rehabilitate a witness outside the presence of the jury; and (5) violated his Sixth Amendment right to confrontation by erroneously allowing his co-defendant to refuse to testify by invoking the Fifth Amendment right against self-incrimination.

We generally review a denial of a motion to withdraw for an abuse of discretion. *See United States v. Austin*, 812 F.3d 453, 455 (5th Cir. 2016). Cowards, though, did not object in the district court; therefore, review is for plain error only. *See United States v. Sanders*, 952 F.3d 263, 281–82 (5th Cir. 2020). The record reveals that defense counsel's request to withdraw was not accompanied by the required "detailed explanation" of "good cause" to withdraw. *Austin*, 812 F.3d at 456 & n.11 (quotation marks and citation omitted). Moreover, at the time of his initial request to accept the Government's plea agreement, the Government had not yet made an official plea offer. When the Government did make a formal offer, Cowards elected to continue with his trial. Accordingly, he has not demonstrated error, plain or otherwise. *Sanders*, 952 F.3d at 281–82. Furthermore, we generally will not consider the merits of an ineffective assistance of counsel claim on direct appeal. *United States v. Velasquez*, 881 F.3d 314, 341 (5th Cir. 2018).

Properly preserved evidentiary rulings are reviewed for an abuse of discretion. *United States v. Mazkouri*, 945 F.3d 293, 301 (5th Cir. 2019). Preserved allegations of Confrontation Clause violations are reviewed de novo, "but are subject to a harmless error analysis." *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004).

No. 20-60529

Federal Rule of Evidence 404(b) bars evidence of other crimes, wrongs, or acts to prove the character of the person, such evidence, with reasonable notice, can be admitted for other purposes such as to prove motive. *See* FED. R. EVID. 404(b)(2), (3). Here, the Government introduced the recordings to establish motive. Moreover, the district court concluded that the recordings did not contain Rule 404(b) evidence but contained an admission, and Cowards does not meaningfully dispute this. An admission is "intrinsic evidence" not governed by Rule 404(b) because it is "inextricably intertwined" with the charged offense. *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (quotation marks and citations omitted). Accordingly, notice was not required.

Cowards' arguments regarding authentication and witness rehabilitation are conclusory at best, and he fails to provide adequate briefing of the issues because he does not provide any citations to relevant legal authority. *See* FED. R. APP. P. 28(a)(8)(A). His counseled brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Accordingly, he has waived these issues. *See United States v. Harrison*, 777 F.3d 227, 236 (5th Cir. 2015).

Furthermore, regarding his Confrontation Clause claim, Cowards does not provide any rebuttal to the district court's extensive factual and legal analysis and does not support his contentions with any legal authority. Accordingly, he cannot demonstrate that the district court committed error in allowing his co-defendant to exercise the right against self-incrimination. *See Bell*, 367 F.3d at 465; *Beasley*, 798 F.2d at 118.

AFFIRMED.