# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40578
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO JAVIER PINEDA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-299-2

———————————————————

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Francisco Javier Pineda appeals his jury conviction for conspiracy to distribute (and to possess with intent to distribute) fentanyl, and possession of a firearm in furtherance of a drug trafficking crime. He first claims that the evidence was insufficient to support his firearm conviction because the Government did not prove that

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

he knew the firearm was concealed in the center console of the vehicle in which he was riding as a passenger. Because Pineda moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of the Government's evidence and did not present any evidence, he preserved this issue for appeal. *See United States v. Mearis*, 36 F.4th 649, 655 (5th Cir. 2022). We review preserved challenges to the sufficiency of the evidence *de novo*. *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012). On *de novo* review, we must determine whether a reasonable jury could have found that the evidence established the defendant's guilt beyond a reasonable doubt. *United States v. Barnes*, 803 F.3d 209, 215 (5th Cir. 2015).

Based on the evidence presented at trial, a reasonable jury could have found beyond a reasonable doubt that the evidence established that (1) Pineda had constructive possession of the firearm found in the center console of the vehicle; (2) he had dominion and control over the vehicle; and (3) the evidence supported an inference that he knew of and had access to the firearm. *See United States v. Suarez*, 879 F.3d 626, 632 (5th Cir. 2018); *see also United States v. De Leon*, 170 F.3d 494, 497 (5th Cir. 1999); *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992). Given Pineda's involvement in planning the drug transaction, his participation in it, and other circumstantial evidence (such as a video call in which he displayed other contraband in the console), a reasonable jury also could have found, beyond a reasonable doubt, that he had the intent to control the firearm. *See Henderson v. United States*, 575 U.S. 625, 626 (2015).

Pineda also contends that the district court abused its discretion by denying his trial attorneys' motion to withdraw, which was based on an alleged conflict of interest because the Government had indicated it would call them as witnesses at the trial. He claims that this alleged conflict of interest hampered his counsel's ability to represent him adequately at trial. We generally review the denial of a motion to withdraw for an abuse of

No. 24-40578

discretion. *United States v. Austin*, 812 F.3d 453, 455 (5th Cir. 2016). The district court ruled that there was no conflict of interest because it would not allow the Government to call defense counsel as a witness at trial. Under these circumstances, Pineda has not shown, beyond merely conclusional assertions, that the district court abused its discretion in denying his counsel's motion to withdraw. *See id.*

AFFIRMED.